```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                          For Online Publication Only
-----------------------------------------------------------------X
JOHN FRANCIS VIVENZIO,
                                                      ORDER
                Appellant,                            20-CV-04185 (JMA)


        -against-

KRISTA PRUESS,[1]

                Appellee.
-----------------------------------------------------------------X
```

**AZRACK, United States District Judge:**

Before the Court is pro se Appellant John Francis Vivenzio's appeal of the August 25, 2020 order ("Dismissal Order") of the Bankruptcy Court (Trust, A.), dismissing his Chapter 13 petition pursuant to 11 U.S.C. §1307(c). (Dismissal Order, ECF No. 1-2; see also In re Vivenzio, No. 19-71697, 2021 WL 1536398 (Bankr. E.D.N.Y. Jan. 29, 2021)[2]). For the reasons set forth below, the Bankruptcy Court's judgement is AFFIRMED.

## I. BACKGROUND

The Court assumes the parties' familiarity with the full facts and procedural history of this action and summarizes the facts and history relevant to the instant appeal based on the Bankruptcy Record on Appeal (("R."), 20-CV-04185, ECF No. 4), the filings in Appellant's bankruptcy proceeding ("Bankr. Dkt."), and the affidavits and exhibits filed by the parties in this case.

On March 8, 2019, Vivenzio filed a petition for relief under chapter 13 of title 11 of the

---

[1] By notice filed December 1, 2021, the Office of the Standing Chapter 13 Trustee substituted Successor Trustee Krista Preuss as Appellee. (ECF No. 14.)

[2] Appellant sought reconsideration of his dismissal which the Bankruptcy Court also denied.

United States Code (the "Bankruptcy Code"). [3]

On March 22, 2019, Vivenzio filed a proposed Chapter 13 Plan (the "Plan") including bankruptcy schedules, Statement of Financial Affairs, and Means Test. (Bankr. Dkt. 15.)

On April 12, 2019, the Chapter 13 Trustee (the "Trustee") filed a Motion to Dismiss the case (the "MTD") for, among other things, Vivenzio's failure to submit timely Plan payments and the Plan not being adequately funded to provide for full repayment to all secured creditors as required by 11 U.S.C. § 1325(a)(5) and (6) respectively. (Bankr. Dkt. 20.)

On June 13, 2019, the Honorable Judge Alan S. Trust held a hearing on the MTD, granted dismissal of the case and directed the Trustee to settle a dismissal order on twenty-one (21) days' notice. The docket entry provided:

> Hearing Held; (related document(s): 20 Chapter 13 Trustee's Motion to Dismiss Case) Appearance: Marianne Derosa - MOTION GRANTED - SETTLE ORDER ON 21 DAYS NOTICE; IF THE PROPOSED ORDER IS NOT SUBMITTED OR SETTLED AS DIRECTED WITHIN 14 DAYS, THE MATTER MAY BE DEEMED ABANDONED PURSUANT TO E.D.N.Y. L.B.R. 9072-1. (ymills) (Entered: 06/14/2019)

In accordance with the granting the MTD, the Bankruptcy Court simultaneously marked off three pending items, including the hearing on confirmation of the Vivenzio's Chapter 13 Plan.

On July 3, 2019, Vivenzio filed a Third Amended Chapter 13 Plan. (R. 34.) The Third Amended Plan provided, <u>inter alia</u>, that Vivenzio would make payments starting at $2,522 per month and rising to $22,852 per month. (<u>In re Vivenzio</u>, *1.) The same date, Vivenzio also filed a motion objecting to proof of claim ("Claim Objection") filed by Selene Finance, LP as servicer

---

[3] "Bankr. Dkt." refers to the docket in see <u>In re Vivenzio</u>, No. 8-19-71697 (AST)

2

for NJCC NYS Community Restoration Fund LLC ("Selene"), which asserted a claim secured by his residence (the "Claim Objection"). (Bankr. Dkt. 35.)

On July 8, 2019, the Trustee filed a Notice of Settlement of the Proposed Dismissal Order (the "Settled Dismissal Order"). (Bankr. Dkt. 36.) On July 17, 2019, Vivenzio filed a notice objecting to the Settled Dismissal Order. (Bankr. Dkt. 39.)

On August 19, 2019, Selene filed an opposition to the Claim Objection. (Bankr. Dkt. 40.) On August 29, 2019, Vivenzio filed an Affidavit in Support of the Claim Objection and in Response to Selene's Opposition. (Bankr. Dkt. 41.)

On August 29, 2019, the Bankruptcy Court held a hearing on the Claim Objection and determined that, aside from the numerous issues raised by Vivenzio which either had been or could be litigated in the state court foreclosure action, it would hold a hearing to determine whether the Third Amended Plan was feasible, given the projected nearly tenfold increase in play payments from $2,522 per month to $22,852 per month; if the Third Amended Plan was not feasible, all other issues raised by Vivenzio were moot; if it was, the Court could then turn to Vivenzio's other objections. (In re Vivenzio, at *1)

On February 24, 2020, Selene filed a Motion for Relief from Stay (the "Stay Relief Motion"). (Bankr. Dkt. 42.) On March 12, 2020, Vivenzio filed an Objection to the Stay Relief Motion. (Bankr. Dkt. 43.) On April 16, 2020, the Court held a hearing on the Stay Relief Motion and marked the Stay Relief Motion as submitted. (In re Vivenzio, at *1.)

On May 12, 2020, Selene filed an Affidavit of Possession of the Note in connection with the Stay Relief Motion. (Bankr. Dkt. 44.) On May 19, 2020, Vivenzio filed a Memorandum of Law in Support of his Objection to the Stay Relief Motion. (Bankr. Dkt. 46.)

3

On July 28, 2020, the Bankruptcy Court entered an Order scheduling a video conference evidentiary hearing for August 17, 2020 (the "Scheduling Order" and the "Hearing") on the feasibility of the Plan, the Claim Objection, the MTD, the Settled Dismissal Order, and the Stay Relief Motion, and setting related deadlines. (Bankr. Dkt. 48.)  The Scheduling Order directed Selene to serve a copy of the order on Vivenzio within two (2) business days following entry of the order, and file a certificate of service thereof within two (2) business days thereafter, as required by the Bankruptcy Court's Local Rules. (In re Vivenzio, at *1.)

On July 30, 2020, Selene filed an Affidavit of Service of the Order Scheduling the Hearing. (Bankr. Dkt. 49.)  The Affidavit of Service attested to serving the Order Scheduling the Hearing upon Vivenzio on July 30, 2020 at his primary residence of record via USPS First Class Mail. (In re Vivenzio, at *1.)

At the Hearing held on August 17, 2020, the Bankruptcy Court found "as it had at prior hearings" that Vivenzio's Plan lacked feasibility, because he projected himself to have "an incredible increase in income as to be able to increase his Plan payments from $2,522 per month to $22,852 per month," but failed to demonstrate how this would occur despite ample opportunity. (In re Vivenzio, at *1.)

The Bankruptcy Court noted that Vivenzio "failed to submit any evidence, whether documentary exhibits or witnesses testimony, demonstrating any ability to make these payments." (Id.) "Vivenzio relied on pleadings, which are not evidence." (Id.) At the conclusion of the Hearing, the Bankruptcy Court again granted the Motion to Dismiss because, among other things, Vivenzio failed to demonstrate that the Third Amended Plan was feasible and otherwise satisfied the requirements of 11 U.S.C. § 1325(a). (Id.)(emphasis added)

Accordingly, the Bankruptcy Court noted that "confirmation of the Third Amended Plan, the Claim Objection and the Stay Relief Motion were all moot" and entered an order dismissing the case. (Id.; Bankr. Dkt. 57.) Vivenzio filed a motion for reconsideration of the dismissal order and other text orders which the Bankruptcy Court denied. (In re Vivenzio, at *1.) On September 8, 2020, Vivenzio filed a Notice of Appeal of the Dismissal Order and the three text orders which is currently before this Court. (ECF No. 1.)

## II. **DISCUSSION**

**A. Standard of Review**

Section 158 of the Bankruptcy Code authorizes district courts to review a bankruptcy court's final judgments, decrees, and orders. See 11 U.S.C. § 158(a). A district court typically reviews findings of fact for clear error and conclusions of law de novo. Rora LLC v. 404 E. 79th St. Lender LLC, 630 B.R. 876, 882 (E.D.N.Y. 2021) (citing Anderson v. Credit One Bank, N.A. (In re Anderson), 884 F.3d 382, 387 (2d Cir. 2018))

Evidentiary decisions and trial management decisions are reviewed for abuse of discretion. See Ball v. A.O. Smith Corp., 451 F.3d 66, 69 (2d Cir. 2006); see also United States v. Yakobowicz, 427 F.3d 144, 149–50 (2d Cir. 2005). This includes a bankruptcy court's decision to dismiss a case with prejudice. In re Murray, 565 B.R. 527, 530 (S.D.N.Y. 2017) (citing In re Smith, 507 F.3d 64, 73 (2d Cir. 2007)), aff'd, 900 F.3d 53 (2d Cir. 2018); see In re Chovev, 559 B.R. 339, 343-44 (Bankr. E.D.N.Y. 2016) ("The determination of what constitutes 'cause' to dismiss ... is left to the discretion of the court.").

Even if a district court does not "agree with every conclusion reached by the Bankruptcy Court," the district court "may affirm the decision on any ground supported in the record." Brown Publ'g Co. Liquidating Trust v. AXA Equitable Life Ins. Co., 519 B.R. 13, 21–22

(E.D.N.Y. 2014) (quoting In re Caldor, Inc.-NY, 199 B.R. 1, 2 (S.D.N.Y. 1996)); see also Rora LLC, 630 B.R. at 882 (E.D.N.Y. 2021)(same).

A pro se party's pleadings and briefs are liberally construed "to raise the strongest arguments they suggest." Hamlett v. Santander Consumer USA Inc., 931 F. Supp. 2d 451, 455 (E.D.N.Y. 2013) (quoting Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007)). However, "a pro se party's 'bald assertion,' unsupported by evidence, is not sufficient to overcome a motion for summary judgment." Olle v. Columbia Univ., 332 F. Supp. 2d 599, 607–08 (S.D.N.Y. 2004) aff'd, 136 F. App'x 383 (2d Cir. 2005) (citations omitted). Moreover, even pro se litigants must first raise arguments below in order to preserve them for appeal, Dilworth v. Cont'l Const. Co. Inc., 282 F. App'x 330, 333 (5th Cir. 2008), and cannot raise arguments for the first time in their reply briefs, Guzzo v. Cristofano, 719 F.3d 100, 112 (2d Cir. 2013).

On appeal, Vivenzio raises three arguments: (1) The Bankruptcy Court erred by dismissing his case for the "stated reason of non-payment" and without there being a pending motion to dismiss upon which to act; (2) The Bankruptcy Court erred by "not adjudicating standing which allowed an unscheduled third-party creditor to interfere with court proceedings"; and (3) The Bankruptcy Court's dismissal order amounted to "an unfair surprise" and "the evidence and testimony being considered was not in accordance with Federal Rules of Evidence." (Appellant's Br. at 10-11, 14-15, ECF No. 8.)

**1. The Dismissal Was Proper**

Upon review of the record, the Court finds that the Bankruptcy Court did not abuse its discretion in dismissing the case.

Under 11 U.S.C. § 1307(c)(5), a bankruptcy court may dismiss a Chapter 13 petition after notice and a hearing where the plan has been denied. In particular, courts have upheld the

dismissal of Chapter 13 petitions where the plan was not feasible, and therefore not confirmable. See, e.g., Burger v. Internal Revenue Serv. (In re Burger), No. 99-5053, 1999 WL 1069972 (2d Cir. Nov. 12, 1999) (affirming dismissal of Chapter 13 petition where debtor failed to file a feasible plan and instead objected to a creditor's claim); In re Taneja, 789 F. App'x 907, 909 (2d Cir. 2019) (citing In re Scott, No. 98-1866, 1999 WL 644380 (6th Cir. Aug. 13, 1999) (affirming dismissal of Chapter 13 plan where debtor's plan was not feasible because the debtor's reports of his income were inconsistent).

Appellant's argument contends that there was not a "pending motion" that would allow the Bankruptcy Court to dismiss his case and that he has made some payments to the Trustee. (Appellant's Br. at 10.) The Court finds both grounds are without merit. A review of the record plainly contradicts Appellant's claims, and, in any event, the Bankruptcy Court's actions were well within its discretion.

The record clearly shows that the Trustee first filed a motion to dismiss (the "MTD") on April 12, 2019 on the basis of Vivenzio's failure to adequately fund the Plan, submit timely Plan payments, provide the Trustee with a copy of a federal income tax return or transcript for the most recent year, and serve the Plan serve the plan on the trustee and all creditors in accordance with 11 U.S.C. § 1325(a)(5) and (6) respectively. (R. 8-9.)

On June 13, 2019, the Court held a hearing on the MTD, granted dismissal of the case and directed the Trustee to settle a dismissal order on twenty-one (21) days' notice. (R. at 99; see also In re Vivenzio, at *1 No. 19-71697). However, on July 3, 2019, Vivenzio filed yet another amended plan and also an objection to a proof of claim submitted by another creditor. The Settlement Dismissal Order was then filed on July 8, 2019. The Bankruptcy Court agreed to

7

hear Appellant on the Third Amended Plan and hold a hearing on the "numerous issues" raised by him.

The Bankruptcy Court then issued a Scheduling Order on July 28, 2020 (R. at 281), in advance of the Hearing on August 17, 2020 which expressly stated, in part, that "[p]ending before the Court are the following matters: … the Chapter 13 Trustee's Motion to Dismiss [Dkt. Nos. 20, 36]." (R. at 281.)

At the Hearing, the Bankruptcy Court heard Appellant on the feasibility of his latest Plan afterwards issued the Dismissal Order on August 25, 2020. (R. at 360.) The Dismissal Order expressly stated, in part, that "upon the April 19, 2019 written application (the 'Motion to Dismiss') of Marianne DeRosa, Chapter 13 Trustee, (the 'Trustee') seeking entry of an Order dismissing the instant Chapter 13 case pursuant to 11 U.S.C. §1307(c) […]" Vivenzio's case was dismissed. (R. at 316.)

The Dismissal Order had found, inter alia, that the Appellant's Third Amended Plan lacked feasibility, because it was "speculative on its face" and "required future increases to [Vivenzio's] household income to make all the payments," which Appellant "failed to offer any testimony or documentary evidence." In sum, the Plan failed to otherwise satisfy the statutory requirements of 11 U.S.C. §1325(a). These are more sufficient and proper grounds for dismissal.

Appellant alternatively argues that the April 19, 2019 motion should have been deemed "abandoned" under Local Bankruptcy Rule 9072-1, but Appellant misconstrues the bankruptcy rules. Whether or not the Settlement of Proposed Order was untimely filed would not automatically deem the motion to dismiss as "abandoned" under Local Bankruptcy Rule 9072-1. (Appellant's Br. at 13-14.)  This Rule states that "[i]f the order is not timely submitted or settled, the matter may be deemed abandoned." See Bankruptcy Rule 9072-1 (emphasis added). Here,

after Appellant submitted another proposed plan, the Bankruptcy Court afforded yet another opportunity to be heard on its feasibility. The Bankruptcy Court never deemed the motion to dismiss as abandoned and was not required to.

In any event the Court agrees with the Appellee that, "[i]t is within the discretion of the Bankruptcy Court to "depart from the letter of local rule." In re Behnam, No. 05-CV-3506, 2006 WL 8439615, at *3 (E.D.N.Y. Dec. 29, 2006)(citing Somlyo v. J. Lu-Rob Enters., 932 F.2d 1043 (2d Cir. 1991)); see also Local Rule 1001-1(c) ("In the interests of justice or for cause, a Judge may modify or suspend the requirements set forth in these rules.").

The bankruptcy courts have the inherent power to decide when a departure from its local rules should be excused or overlooked. This inherent discretion extends to every local rule regardless of whether a particular local rule specifically grants the judge the power to deviate from the rule. Somlyo, 932 F.2d at 1048; see also Ass'n for Retarded Citizens of Connecticut, Inc. v. Thorne, 68 F.3d 547, 553-54 (2d Cir. 1995).

Further, a review of the transcripts of the Hearing, makes clear that the Bankruptcy Court did not abuse its discretion. Appellant's case was dismissed on proper grounds because he had continually submitted plans that lacked feasibility and was not current on his payments. See In re Jensen, 425 B.R. 105, 109 (Bankr. S.D.N.Y. 2010) (quoting 9 COLLIER ON BANKRUPTCY ¶ 1325.07)(referencing that feasibility is "by far the most important criterion for the confirmation of a chapter 13 plan" and a court may dismiss a case where the plan is not confirmable.)

Indeed, the Bankruptcy Court noted that Appellant was more than $10 thousand dollars in arrears which did not "bode well toward being able to make all the payments under the [new] plan as proposed." (ECF No. 4-17 at 43.) Appellant's Third Amended plan would also require a "meteoric" increase in his income but Appellant had provided no testimony or exhibits to support

evidence of its feasibility. (ECF No. 4-17 at 43,59.) Appellant does not deny that he was in arrears, but essentially argues that he made some payments, and the Trustee accepted those payments. (Appellant's Br at 15.) However this is plainly insufficient and contrary to the point of Chapter 13 payment plans.

The Bankruptcy Court thus concluded that, "[t]here [was] no evidence before [it] that the plan is feasible, Mr. Vivenzio [had] the ability or will have the ability to make all of those payments, which is his burden of proof and which is what is required under the Bankruptcy Code." (ECF No. 4-17 at 59.) The Bankruptcy Court marked off items in light of the case being "almost a year and a half old with no feasible plan before it and no evidence of feasibility in [the] record." (ECF No. 4-17 at 60.)

The Court agrees with the Bankruptcy Court's reasoning here, once a dismissal order terminates the bankruptcy estate, and the property of the bankruptcy estate revests in whatever entity the property was vested immediately pre-petition. As aptly summarized by another court,

> "[i]f there is no bankruptcy estate, it is obvious that there is no reason to resolve an objection to a proof of claim that seeks a distribution against the (now) non-existent bankruptcy estate. Indeed, it may not be an overstatement to suggest that an objection to a proof of claim is mooted or abated as a matter of law by the dismissal of the underlying bankruptcy case."

In re Green Goblin, Inc., No. ADV 09-067, 2013 WL 588212, at *2 (Bankr. E.D. Pa. Feb. 13, 2013) Accordingly, Appellant's secondary arguments are without merit.

Bankruptcy is a privilege, not a right." In re Campora, No. 14-CV-5066, 2015 WL 5178823, at *9 (E.D.N.Y. Sept. 3, 2015) (quoting In re Sochia, 231 B.R. 158, 160 (Bankr. W.D.N.Y. 1999)). In seeking protection under the Bankruptcy Code, a debtor "has the

10

responsibility to inform herself of her duties" under the Code. In re Ward, 423 B.R. 22, 34 (Bankr. E.D.N.Y. 2010). When a "[d]ebtor has not complied with a number of her obligations imposed by the Bankruptcy Code, relief under § 1307(c) is appropriate." Id. at 34 (dismissing bankruptcy case pursuant to Section 1307(c) where debtor failed to provide the Chapter 13 Trustee with required documents and failed to make preconfirmation plan payments pursuant to Section 1326 of the Bankruptcy Code).

Accordingly, the Court affirms the Bankruptcy Court's Dismissal Order. The Court has considered Appellant's remaining arguments and finds them either moot or without merit. In re DeMartino, No. 09-40443, 2014 WL 1572580, at *10 (E.D.N.Y. Apr. 17, 2014)(citing Freeman v. Journal Register Co., 452 B.R. 367, 369 (Bankr.S.D.N.Y.2010) "[t]he [district court] may affirm on any ground that finds support in the record, and need not limit its review to the bases raised or relied upon in the decisions below.")(emphasis added); see also Elmasri v. Rupp, No. 10-CV-2761, 2011 WL 477726, at *4 (E.D.N.Y. Feb. 2, 2011)("The Court may affirm a Bankruptcy Court's order on any ground for which there is support in the record.").

### III.  Conclusion

For the foregoing reasons, the Court DENIES Vivenzio's appeal and the Bankruptcy Court's dismissal order is hereby AFFIRMED.

　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　Joan M. Azrack
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Date:  March 31, 2022
　　　　Central Islip, New York